UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHELLEY HUTCHINSON,                                    CASE NUMBER: 1:20-cv-22846
          Plaintiff
   -v-

MENIN HOTELS, LLC, d/b/a                               **JURY TRIAL DEMANDED**
MENIN HOSPITALITY, LLC,
1220 MANAGEMENT GROUP, LLC, d/b/a
BODEGA TAQUERIA Y TEQUILA, and
AIRSTREAM FOOD SERVICES, LLC, d/b/a
BODEGA TAQUERIA Y TEQUILA.

          Defendants

## COMPLAINT

Plaintiff, Shelley Hutchinson, by and through her undersigned counsel, sues Menin Hotels, LLC, d/b/a Menin Hospitality, LLC, 1220 Management Group, LLC, d/b/a Bodega Taqueria Y Tequila, and Airstream Food Services, LLC, d/b/a Bodega Taqueria Y Tequila, and in support thereof alleges as follows:

### INTRODUCTION

1.  Plaintiff Shelley Hutchinson brings this lawsuit because she was refused admittance to Bodega Taqueria Y Tequila with her service animal in violation of her rights under the Americans With Disabilities Act and Title XLIV, Chapter 760 of the 2019 Florida Statutes.

### THE PARTIES

2.  Plaintiff Shelley Hutchinson ("Ms. Hutchinson") resides in New York, N.Y.

3.  Menin Hotels, LLC, d/b/a Menin Hospitality, LLC ("Hotel"), is a limited liability company organized pursuant to the laws of the State of Florida and maintaining offices at 3050 Biscayne Boulevard Penthouse 1, Miami, FL 33137.

4. 1220 Management Group, LLC, d/b/a Bodega Taqueria Y Tequila ("1220"), is a limited liability company or unincorporated business maintaining offices at 3050 Biscayne Boulevard Penthouse 1, Miami, FL 33137.

5. Airstream Food Services, LLC, d/b/a Bodega Taqueria Y Tequila ("Airstream"), is a limited liability company or unincorporated business maintaining offices at 3050 Biscayne Boulevard Penthouse 1, Miami, FL 33137.

6. Upon information and belief, 1220 is an affiliate or subsidiary of Hotel.

7. Upon information, Hotel, 1220 and Airstream are under common control.

8. Upon information and belief, Bodega Taqueria Y Tequila is owned, operated, controlled and managed by Hotel.

9. Upon information and belief, Bodega Taqueria Y Tequila is owned, operated, controlled and managed by 1220.

10. Upon information and belief, Bodega Taqueria Y Tequila is owned, operated, controlled and managed by Airstream.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, et seq, based upon Defendants' violations of Title III of the Americans with Disabilities Act ("ADA").

12. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b) because Defendants all reside within this Judicial District and a substantial part of the actions and omissions that gave rise to the claims herein arose in this district.

## BACKGROUND FACTS

13. Plaintiff Ms. Hutchinson is a 24 year old single woman.

14. Ms. Hutchinson suffers from epilepsy, a condition that causes her to suffer from focal seizures.

15. Ms. Hutchinson's seizures may be triggered and exacerbated by stress.

16. The seizures suffered by Ms. Hutchinson result in extreme and debilitating effects, some of which may last for weeks; following a seizure she is in intense pain, unable to speak or walk, suffers incapacitating migraines, and experiences uncontrollable tremors in her hands or feet, a loss of appetite and weight, nausea and neuropathy.

17. Upon suffering a seizure, Ms. Hutchinson may lose consciousness or awareness of her surroundings, creating a danger that she may fall and injure herself or others.

18. In order to protect against injury to herself and others and to assure that she can be safely situated in advance of a seizure, Ms. Hutchinson travels with a registered service dog, a poodle named Bear.

19. Bear has been trained to alert Ms. Hutchinson approximately five minutes in advance of a seizure so that she can assume a safe position and avoid injury.

20. Prior to obtaining the assistance of Bear, seizures suffered by Ms. Hutchinson resulted in injuries, including at least one concussion.

21. On August 14, 2019, Ms. Hutchinson arrived at 1220 16th Street, Miami Beach, FL 33139 ("Bodega"), accompanied by Bear.

22. Upon her arrival, Ms. Hutchinson was denied entry by an individual who identified himself as the manager of Bodega (and who would provide only his first name as "Kelvin").

23. Kelvin informed Ms. Hutchinson that she could not enter Bodega with Bear because dogs were not permitted in the restaurant.

24. Upon information and belief, Kelvin was an authorized agent, employee, and/or representative of Hotel.

25. Upon information and belief, Kelvin was an authorized agent, employee, and/or representative of 1220.

26. Upon information and belief, Kelvin was an authorized agent, employee, and/or representative of Airstream.

27. Upon information and belief, Kelvin was, at all relevant times herein, acting in accordance with the direction of, and under the control of, Hotel.

28. Upon information and belief, Kelvin was, at all relevant times herein, acting in accordance with the direction of, and under the control of, 1220.

29. Upon information and belief, Kelvin was, at all relevant times herein, acting in accordance with the direction of, and under the control of, Airstream.

30. In response to Kelvin's remarks, Ms. Hutchinson explained her condition and advised Kelvin that Bear was a service dog who warned her in advance of impending seizures and produced Bear's service registration certificate. (A copy of Bear's registration certificate is annexed hereto as Exhibit "A").

31. Despite the documentation provided by Ms. Hutchinson, Kelvin refused to admit her entry to Bodega.

32. After Ms. Hutchinson again explained her condition and Bear's role as a service animal, Kelvin asked her to simulate an epileptic seizure.

33. When Ms. Hutchinson explained that she could not comply with that request, Kelvin laughed at her and told her that she did not actually have any disability.

34. Kelvin's request to Ms. Hutchinson and subsequent actions were cruel, inappropriate, abusive and discriminatory.

35. Despite the information provided by Ms. Hutchinson, Kelvin refused to allow her to enter Bodega and instead subjected her to public ridicule.

36. Since she was denied entry to Bodega, Ms. Hutchinson has suffered period panic attacks, been subjected to undue stress, and has experienced night terrors from fear that she will be denied entry to public venues when accompanied by her service dog.

37. As a result of Hotels' discriminatory actions, Ms. Hutchinson has suffered from increased anxiety, a sense of helplessness and sleeplessness.

38. As a result of 1200s' discriminatory actions, Ms. Hutchinson has suffered from increased anxiety, a sense of helplessness and sleeplessness.

39. As a result of Airstreams' discriminatory actions, Ms. Hutchinson has suffered from increased anxiety, a sense of helplessness and sleeplessness.

40. As a result of the stress created by Hotel's actions, Ms. Hutchinson has been prescribed additional anxiety medications.

41. As a result of the stress created by 1220's actions, Ms. Hutchinson has been prescribed additional anxiety medications.

42. As a result of the stress created by Airstream's actions, Ms. Hutchinson has been prescribed additional anxiety medications.

43. Ms. Hutchinson has suffered damage, including emotional distress, from Kelvin and Hotel's actions.

44. Ms. Hutchinson has suffered damage, including emotional distress, from Kelvin and 1220's actions.

45. Ms. Hutchinson has suffered damage, including emotional distress, from Kelvin and Airstream's actions.

46. Upon information and belief, Hotel is responsible for the direction, operation and control of 1220 and Airstream.

47. Upon information and belief, 1220 is responsible for the direction, operation and control of Hotel and Airstream.

48. Upon information and belief, Airstream is responsible for the direction, operation and control of Hotel and 1220.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST HOTEL**

49. Ms. Hutchinson re-alleges paragraphs 1-48 as if the same had been fully set forth herein.

50. Title III of the ADA (42 U.S.C. § 12181) prohibits discrimination on the basis of disability by public accommodations and places of public accommodation.

51. Title II of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of goods, services, privileges, facilities, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a).

52. Under the ADA, a restaurant is a place of public accommodation (42 U.S.C. § 12186 et seq, § 36.104).

53. Bodega is a place of public accommodation as defined by the ADA.

54. Epilepsy is a covered disability under the ADA.

55. Ms. Hutchinson has a disability as defined by the ADA.

56. Pursuant to the ADA, no individual may be denied the full and equal enjoyment of the facilities, goods or services of a public accommodation.

57. Under the ADA, a place of public accommodation, including a restaurant, must allow service animals to accompany people with disabilities in all areas where the public is allowed to go.

58. Under the ADA, a restaurant must permit a service animal to accompany an individual, even if local health laws otherwise prohibit animals from the facility.

59. Under the ADA, service animals include dogs who are trained to alert and protect a person who is having, or about to have, a seizure.

60. As described herein, Bear is a certified service dog and is trained to alert Ms. Hutchinson to, and protect her against, seizures.

61. By denying Ms. Hutchinson entry to the facility with Bear, Hotel discriminated against Ms. Hutchinson on behalf of her disability and excluded her from the benefits of the restaurant solely on the basis of her disability.

62. Accordingly, Ms. Hutchinson is entitled to an award of damages, in an amount to be determined by the Court, as well as an award of statutory attorney's fees and costs pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 200A-3(b).

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST 1220**

63. Ms. Hutchinson re-alleges paragraphs 1-48 as if the same had been fully set forth herein.

64. Title III of the ADA (42 U.S.C. § 12181) prohibits discrimination on the basis of disability by public accommodations and places of public accommodation.

65. Title II of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of goods, services, privileges, facilities, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a).

66. Under the ADA, a restaurant is a place of public accommodation (42 U.S.C. § 12186 et seq, § 36.104).

67. Bodega is a place of public accommodation as defined by the ADA.

68. Epilepsy is a covered disability under the ADA.

69. Ms. Hutchinson has a disability as defined by the ADA.

70. Pursuant to the ADA, no individual may be denied the full and equal enjoyment of the facilities, goods or services of a public accommodation.

71. Under the ADA, a place of public accommodation, including a restaurant, must allow service animals to accompany people with disabilities in all areas where the public is allowed to go.

72. Under the ADA, a restaurant must permit a service animal to accompany an individual, even if local health laws otherwise prohibit animals from the facility.

73. Under the ADA, service animals include dogs who are trained to alert and protect a person who is having, or about to have, a seizure.

74. As described herein, Bear is a certified service dog and is trained to alert Ms. Hutchinson to, and protect her against, seizures.

75. By denying Ms. Hutchinson entry to the facility with Bear, 1220 discriminated against Ms. Hutchinson on behalf of her disability and excluded her from the benefits of the restaurant solely on the basis of her disability.

76. Accordingly, Ms. Hutchinson is entitled to an award of damages, in an amount to be determined by the Court, as well as an award of statutory attorney's fees and costs pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 200A-3(b).

## THIRD CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST AIRSTREAM

77. Ms. Hutchinson re-alleges paragraphs 1-48 as if the same had been fully set forth herein.

78. Title III of the ADA (42 U.S.C. § 12181) prohibits discrimination on the basis of disability by public accommodations and places of public accommodation.

79. Title II of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of goods, services, privileges, facilities, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a).

80. Under the ADA, a restaurant is a place of public accommodation (42 U.S.C. § 12186 et seq, § 36.104).

81. Bodega is a place of public accommodation as defined by the ADA.

82. Epilepsy is a covered disability under the ADA.

83. Ms. Hutchinson has a disability as defined by the ADA.

84. Pursuant to the ADA, no individual may be denied the full and equal enjoyment of the facilities, goods or services of a public accommodation.

85. Under the ADA, a place of public accommodation, including a restaurant, must allow service animals to accompany people with disabilities in all areas where the public is allowed to go.

86. Under the ADA, a restaurant must permit a service animal to accompany an individual, even if local health laws otherwise prohibit animals from the facility.

87. Under the ADA, service animals include dogs who are trained to alert and protect a person who is having, or about to have, a seizure.

88. As described herein, Bear is a certified service dog and is trained to alert Ms. Hutchinson to, and protect her against, seizures.

89. By denying Ms. Hutchinson entry to the facility with Bear, Airstream discriminated against Ms. Hutchinson on behalf of her disability and excluded her from the benefits of the restaurant solely on the basis of her disability.

90. Accordingly, Ms. Hutchinson is entitled to an award of damages, in an amount to be determined by the Court, as well as an award of statutory attorney's fees and costs pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 200A-3(b).

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE FLORIDA CIVL RIGHTS LAW**
**TITLE XLIV CHAPTER 760 OF THE 2019 FLORIDA STATUTES AGAINST HOTEL**

91. Ms. Hutchinson re-alleges paragraphs 1-48 as if the same had been fully set forth herein.

92. Title XLIV Chapter 760, Section 760.08 of the 2019 Florida Statutes ("Chapter XLIV") provides, inter alia, that "[a]ll persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, national origin, sex, pregnancy, handicap, familial status, or religion."

93. Under Chapter XLIV, a restaurant is a place of public accommodation.

94. Under Title XXX Chapter 413 of the 2019 Florida Statutes, "an individual with a disability is entitled to full and equal accommodations, advantages, facilities, and privileges in all public accommodations" and "has the right to be accompanied by a service animal in all areas of a public accommodation that the public or customers are normally permitted to occupy."

95. Under the 2019 Florida Statutes, Ms. Hutchinson is an individual with a disability who is unable to engage in major life activities as a result of her condition.

96. As set forth above, Hotel denied Ms. Hutchinson access to the goods, services, facilities, privileges, advantages and accommodations of Bodega by discriminating against her on the basis of her handicap and disability.

97. By virtue of their actions, Hotel is in violation of the Florida Civil Rights Law, Title XLIV Chapter 760 of the 2019 Florida Statutes.

98. As a result of Hotels' conduct, Ms. Hutchinson is entitled to compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; statutory damages; punitive damages in the amount of $100,000.00; and reasonable attorneys' fees.

**FIFTH CAUSE OF ACTION
VIOLATION OF THE FLORIDA CIVL RIGHTS LAW
TITLE XLIV CHAPTER 760 OF THE 2019 FLORIDA STATUTES AGAINST 1220**

99. Ms. Hutchinson re-alleges paragraphs 1-48 as if the same had been fully set forth herein.

100. Title XLIV Chapter 760, Section 760.08 of the 2019 Florida Statutes ("Chapter XLIV") provides, inter alia, that "[a]ll persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, national origin, sex, pregnancy, handicap, familial status, or religion."

101. Under Chapter XLIV, a restaurant is a place of public accommodation.

102. Under Title XXX Chapter 413 of the 2019 Florida Statutes, "an individual with a disability is entitled to full and equal accommodations, advantages, facilities, and privileges in all

public accommodations" and "has the right to be accompanied by a service animal in all areas of a public accommodation that the public or customers are normally permitted to occupy."

103. Under the 2019 Florida Statutes, Ms. Hutchinson is an individual with a disability who is unable to engage in major life activities as a result of her condition.

104. As set forth above, 1220 denied Ms. Hutchinson access to the goods, services, facilities, privileges, advantages and accommodations of Bodega by discriminating against her on the basis of her handicap and disability.

105. By virtue of their actions, 1220 is in violation of the Florida Civil Rights Law, Title XLIV Chapter 760 of the 2019 Florida Statutes.

106. As a result of 1220s' conduct, Ms. Hutchinson is entitled to compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; statutory damages; punitive damages in the amount of $100,000.00; and reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE FLORIDA CIVL RIGHTS LAW
### TITLE XLIV CHAPTER 760 OF THE 2019 FLORIDA STATUTES AGAINST AIRSTREAM

107. Ms. Hutchinson re-alleges paragraphs 1-48 as if the same had been fully set forth herein.

108. Title XLIV Chapter 760, Section 760.08 of the 2019 Florida Statutes ("Chapter XLIV") provides, inter alia, that "[a]ll persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, national origin, sex, pregnancy, handicap, familial status, or religion."

109. Under Chapter XLIV, a restaurant is a place of public accommodation.

110. Under Title XXX Chapter 413 of the 2019 Florida Statutes, "an individual with a disability is entitled to full and equal accommodations, advantages, facilities, and privileges in all public accommodations" and "has the right to be accompanied by a service animal in all areas of a public accommodation that the public or customers are normally permitted to occupy."

111. Under the 2019 Florida Statutes, Ms. Hutchinson is an individual with a disability who is unable to engage in major life activities as a result of her condition.

112. As set forth above, Airstream denied Ms. Hutchinson access to the goods, services, facilities, privileges, advantages and accommodations of Bodega by discriminating against her on the basis of her handicap and disability.

113. By virtue of their actions, Airstream is in violation of the Florida Civil Rights Law, Title XLIV Chapter 760 of the 2019 Florida Statutes.

114. As a result of Airstreams' conduct, Ms. Hutchinson is entitled to compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; statutory damages; punitive damages in the amount of $100,000.00; and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST HOTEL**

115. Ms. Hutchinson re-alleges paragraphs 1-48 as if the same had been fully set forth herein.

116. Hotel, by its agent, Kelvin, willfully and wantonly, and with full knowledge and intent, harmed Ms. Hutchinson by its extreme and outrageous conduct, as set forth above.

117. Hotel had full knowledge and was aware, or should have been aware, of the extreme and outrageous conduct set forth in this Complaint and knowingly condoned, permitted or otherwise authorized or ratified such conduct.

118. Hotel engaged in the aforementioned extreme and outrageous conduct recklessly.

119. As a direct and proximate cause of the aforementioned extreme and outrageous conduct and discrimination, Ms. Hutchinson suffered, and continues to suffer, severe emotional distress and mental trauma, including the indignation of being denied, publicly, access to Bodega; the denial of full and equal access to Bodega; severe mental anguish, frustration, anxiety and stress.

120. Hotel committed the aforesaid acts with conscious disregard for Ms. Hutchinson's right to be free from discrimination on the basis of her disability and her right to enjoy the services and facilities of Bodega.

121. Hotel committed the aforesaid acts recklessly and with disregard for Ms. Hutchinson's right to be free from discrimination on the basis of her disability and her right to enjoy the services and facilities of Bodega.

122. Plaintiff is entitled to recover damages for such infliction of emotional harm, including compensatory damages to be determined by the finder of facts and punitive damages.

### EIGHTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST 1220

123. Ms. Hutchinson re-alleges paragraphs 1-48 as if the same had been fully set forth herein.

124. 1220, by its agent, Kelvin, willfully and wantonly, and with full knowledge and intent, harmed Ms. Hutchinson by its extreme and outrageous conduct, as set forth above.

125. 1220 had full knowledge and was aware, or should have been aware, of the extreme and outrageous conduct set forth in this Complaint and knowingly condoned, permitted or otherwise authorized or ratified such conduct.

126. 1220 engaged in the aforementioned extreme and outrageous conduct recklessly.

127. As a direct and proximate cause of the aforementioned extreme and outrageous conduct and discrimination, Ms. Hutchinson suffered, and continues to suffer, severe emotional distress and mental trauma, including the indignation of being denied, publicly, access to Bodega; the denial of full and equal access to Bodega; severe mental anguish, frustration, anxiety and stress.

128. 1220 committed the aforesaid acts with conscious disregard for Ms. Hutchinson's right to be free from discrimination on the basis of her disability and her right to enjoy the services and facilities of Bodega.

129. 1220 committed the aforesaid acts recklessly and with disregard for Ms. Hutchinson's right to be free from discrimination on the basis of her disability and her right to enjoy the services and facilities of Bodega.

130. Plaintiff is entitled to recover damages for such infliction of emotional harm, including compensatory damages to be determined by the finder of facts and punitive damages.

**NINTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST AIRSTREAM**

131. Ms. Hutchinson re-alleges paragraphs 1-48 as if the same had been fully set forth herein.

132. Airstream, by its agent, Kelvin, willfully and wantonly, and with full knowledge and intent, harmed Ms. Hutchinson by its extreme and outrageous conduct, as set forth above.

133. Airstream had full knowledge and was aware, or should have been aware, of the extreme and outrageous conduct set forth in this Complaint and knowingly condoned, permitted or otherwise authorized or ratified such conduct.

134. Airstream engaged in the aforementioned extreme and outrageous conduct recklessly.

135. As a direct and proximate cause of the aforementioned extreme and outrageous conduct and discrimination, Ms. Hutchinson suffered, and continues to suffer, severe emotional distress and mental trauma, including the indignation of being denied, publicly, access to Bodega; the denial of full and equal access to Bodega; severe mental anguish, frustration, anxiety and stress.

136. Airstream committed the aforesaid acts with conscious disregard for Ms. Hutchinson's right to be free from discrimination on the basis of her disability and her right to enjoy the services and facilities of Bodega.

137. Airstream committed the aforesaid acts recklessly and with disregard for Ms. Hutchinson's right to be free from discrimination on the basis of her disability and her right to enjoy the services and facilities of Bodega.

138. Plaintiff is entitled to recover damages for such infliction of emotional harm, including compensatory damages to be determined by the finder of facts and punitive damages.

WHEREFORE, Plaintiff demands judgment

(i) on the First Cause of Action, compensatory in an amount to be determined by the finder of facts, together with statutory attorney's fees and costs pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 200A-3(b);

(ii) on the Second Cause of Action, compensatory in an amount to be determined by the finder of facts, together with statutory attorney's fees and costs pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 200A-3(b);

(iii) on the Third Cause of Action, compensatory in an amount to be determined by the finder of facts, together with statutory attorney's fees and costs pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 200A-3(b);

(iv)  on the Fourth Cause of Action, compensatory damages in an amount to be determined by the finder of facts, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; statutory damages; punitive damages in the amount of $100,000.00; and reasonable attorneys' fees;

(v)  on the Fifth Cause of Action, compensatory damages in an amount to be determined by the finder of facts, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; statutory damages; punitive damages in the amount of $100,000.00; and reasonable attorneys' fees;

(vi)  on the Sixth Cause of Action, compensatory damages in an amount to be determined by the finder of facts, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; statutory damages; punitive damages in the amount of $100,000.00; and reasonable attorneys' fees;

(vii)  on the Seventh Cause of Action, compensatory damages in an amount to be determined by the finder of facts and; punitive damages; interest; costs and attorneys' fees; and such additional relief as the Court may deem just and proper.

(viii)  on the Eighth Cause of Action, compensatory damages in an amount to be determined by the finder of facts and; punitive damages; interest; costs and attorneys' fees; and such additional relief as the Court may deem just and proper.

(ix) on the Ninth Cause of Action, compensatory damages in an amount to be determined by the finder of facts and; punitive damages; interest; costs and attorneys' fees; and such additional relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Dated: July 12, 2020

/s/ Michael D. Redondo
Michael D. Redondo (Fla. Bar No. 086550)
Redondo Law P.A.
2828 Coral Way, Suite 201
Miami, FL 33145
Telephone: (305) 908-6778
Fax: (305) 831-7029

Counsel for Plaintiff