UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-CV-22846

SHELLEY HUTCHINSON,

    Plaintiff,

v.

MENIN HOTELS, LLC, d/b/a
MENIN HOSPITALITY, LLC;
1220 MANAGEMENT GROUP, LLC, d/b/a
BODEGA TAQUERIA Y TEQUILA; and
AIRSTREAM FOOD SERVICES, LLC, d/b/a
BODEGA TAQUERIA Y TEQUILA;

    Defendants.

_____/

## DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT AND STRIKE DEMAND FOR JURY TRIAL

COMES NOW, the Defendants, MENIN HOTELS, LLC, d/b/a MENIN HOSPITALITY, LLC; 1220 MANAGEMENT GROUP, LLC, d/b/a BODEGA TAQUERIA Y TEQUILA; and AIRSTREAM FOOD SERVICES, LLC, d/b/a BODEGA TAQUERIA Y TEQUILA (collectively, the "Defendants"), by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 12(b), and hereby file this *Defendants' Joint Motion to Dismiss Complaint* (DE 1) filed by the Plaintiff, SHELLEY HUTCHINSON, and for good cause, state as follows:

1. The Plaintiff filed her nine-count Complaint against the Defendants seeking damages pursuant to Title III of the Americans with Disabilities Act of 1990 (hereinafter "ADA), the Florida Civil Rights Act of 1992 (hereinafter "FCRA"), and other tortious claims.

2. The Plaintiff's claims stem from her alleged refusal in a single incident into the establishment located at 1220 16th Street in Miami Beach and known as Bodega Taqueira Y

Tequila ("Bodega"). The Plaintiff claims that she suffers from epilepsy and that she suffered damages when the Defendants refused entry to her and her service dog into Bodega.

3.  The Plaintiff's Complaint should be dismissed for the following reasons, as explained in more detail herein:

    a. The Plaintiff's ADA claims are contrary to law as the Plaintiff seeks the improper remedy of monetary damages. Additionally, the Plaintiff lacks standing to bring these claims because the Plaintiff's claims do not adequately allege a causal connection between the Defendants' alleged discriminatory actions and the claimed injury sustained by the Plaintiff.

    b. The Plaintiff's claims pursuant to the FCRA are impermissible because the Plaintiff failed to exhaust administrative remedies required under the FCRA prior to instituting this action. Further, to the extent the federal ADA claims are dismissed, the remaining state-law claims under the FCRA should also be dismissed.

    c. The Plaintiff's allegations supporting her claims for intentional infliction of emotional distress do not rise to the extremely high standard that must be alleged to show "extreme and outrageous conduct" and "severe" emotional stress. Additionally, to the extent the federal ADA claims are dismissed, these remaining state-law claims should also be dismissed.

**MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL**

**I.  LEGAL STANDARD FOR MOTIONS TO DISMISS**

4.  Fed. R. Civ. P. 8(a) requires a complaint to contain a "short and plain statement…showing that the pleader is entitled to relief." When a complaint is presented to the

court, "an attorney or unrepresented parties certifies that to the best of the person's knowledge, information, and belief…the legal contentions are warranted by existing law…[and] the factual contentions have evidentiary support…" Fed. R. Civ. P. 11(b).

5.  To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Am. Humanist Ass'n, Inc. v. City of Ocala*, 127 F. Supp. 3d 1265, 1279 (M.D. Fla. 2015)(citations omitted).

6.  While the court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *TriState HVAC Equip., LLP v. Big Belly Solar, Inc*., 752 F. Supp. 2d 517, 526 (E.D. Pa. 2010). "[M]ere unsupported conclusions of fact or mixed fact and law are not admitted. *N. Tr. Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F. 3d 51, 53 (2d Cir. 1996). Additionally, "[l]egal conclusions, deductions or opinions masked as factual allegations, however, are not given a presumption of truthfulness." *In re Gitlitz*, 127 B.R. 397, 399 (Bankr. S.D. Ohio 1991). This is especially true "when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." *Associated Builders, Inc. v. Alabama Power Co*., 505 F. 2d 97, 100 (5th Cir. 1974)(citations omitted).

## II. COUNTS I, II, AND III FAIL TO STATE A VALID CAUSE OF ACTION UNDER TITLE III OF THE ADA.

7.  In Counts I, II, and III of the Complaint, the Plaintiff seeks damages against each of the Defendants respectively for claimed violations of Title III of the ADA. The Plaintiff's ADA claims should be dismissed because: (1) monetary damages, the only relief sought by the

Plaintiff, are not an available remedy under the ADA; and (2) the Plaintiff lacks standing to bring said claims due to her failure to allege a causal connection to the claimed injury-in-fact and the actions of the Defendants or the threat of future injury.

      **A.    PLAINTIFF CANNOT SEEK MONETARY DAMAGES FOR AN ALLEGED VIOLATION OF THE ADA.**

8. The Plaintiff's claim for monetary damages against the Defendants as the remedy in Counts I, II, and III is improper and contrary to law and therefore, warrants dismissal.

9. It is well settled that "Title III of the ADA does not provide a private cause of action for monetary damages." *Redding v. Nova Se. Univ., Inc.*, 165 F. Supp. 3d 1274, 1295 (S.D. Fla. 2016); Specifically, 42 U.S.C. § 12188 (a)(1) provides that the remedies for relief available are set forth in section 2000a-3(a). 42 U.S.C. § 2000a-3(a) permits relief in the form of "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order…" 42 U.S.C. § 2000a-3(a). Title III of the ADA has consistently been applied so as to preclude an award of monetary damages in a private cause of action. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013)("In this case, Plaintiff Houston seeks injunctive relief, which is the only form of relief available to plaintiffs suing under Title III of the ADA."); *Cole v. Nat'l Collegiate Athletic Ass'n*, 120 F. Supp. 2d 1060, 1067 (N.D. Ga. 2000)("Money damages are not available under Title III of the ADA…"); *Jairath v. Dyer*, 154 F.3d 1280, n.7 (11th Cir. 1998)(finding plaintiff could only pursue a claim for injunctive relief under Title III of the ADA).

10. Since the Plaintiff's claims seek an impermissible remedy against the Defendants, Counts I, II, and III should be dismissed. Similarly, Plaintiff's demand for a trial by jury as to these issues should also be dismissed or stricken. *Padilla v. HB House, Inc.*, 10-21341-CIV,

2010 WL 11602415, at *4 (S.D. Fla. July 13, 2010)("The right to a jury trial does not extend to cases in which only equitable rights are at stake.").

      **B.**     **PLAINTIFF LACKS STANDING TO BRING CLAIMS PURSUANT TO TITLE III OF THE ADA.**

11.    Counts I, II, and III should also be dismissed based on the Plaintiff's failure to allege facts sufficient to confer standing upon the Plaintiff to bring claims under Title III of the ADA.

12.    In order to have standing, the Plaintiff must satisfy the following requirements: "(1) 'injury-in-fact'; (2) 'a causal connection between the asserted injury-in-fact and the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable decision'." *Kennedy v. Solano*, 735 Fed. Appx. 653, 655 (11th Cir. 2018), citing *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir.2001). Additionally, in the context of a claim pursuant to the ADA, "a plaintiff must also plausibly show that she will suffer disability discrimination by the defendant in the future" and the threat of future injury must be "real and immediate." *Id*.

13.    The Plaintiff's allegations fall woefully short of these requirements. The Plaintiff claims that, since she was denied entry, she has suffered panic attacks, undue stress, and night terrors. These allegations do not adequately allege a causal connection between the Defendants' alleged actions and the claimed injury. The Plaintiff claims to be prescribed "additional anxiety medications," clearly evidencing that she suffered from anxiety prior to the alleged incident. Thus, the Plaintiff has not sufficiently pled any injury that is traceable to the challenged action of the defendant as opposed to some other independent action. The Plaintiff has also failed to make any claim whatsoever of a real and immediate threat of future injury that she will suffer due to discrimination by the Defendants. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328

(11th Cir. 2013)("a plaintiff seeking injunctive relief 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'")(internal citations omitted.).

14. Based on the facts set forth in the Plaintiff's Complaint, the Plaintiff lacks standing to bring Counts I, II, and III against the Defendants and therefore, this Court lacks subject matter jurisdiction. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)("On defendants' motion to dismiss we must evaluate standing based on the facts alleged in the complaint, and we may not speculate concerning the existence of standing or piece together support for the plaintiff.")(citation omitted).

### III. COUNTS IV, V, AND VI FAIL TO STATE VALID CAUSES OF ACTION UNDER THE FCRA AND WARRANT DISMISSAL.

15. The Plaintiff's Counts IV, V, and VI seek relief against the Defendants (respectively), alleging that the Defendants violated the FCRA by discriminating and denying the Plaintiff access to the accommodations of Bodega in the single incident that the Plaintiff alleges occurred in August, 2019.  The Plaintiff's claims should be dismissed because: (1) the Plaintiff has failed to exhaust the required administrative remedies prior to filing this action, and (2) should this Court grant the Defendants' motion to dismiss the remaining causes of action of the Complaint, then the Court is encouraged to decline exercising supplemental jurisdiction over the Plaintiff's state-law claims.

#### A. THE PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AS REQUIRED BY THE FCRA.

16. The Plaintiff alleges that the Defendants' actions were "in violation of the Florida Civil Rights Law, Title XLIV Chapter 760 of the 2019 Florida Statutes." Complaint (DE 1), ¶ 97, 105, 113.

17.     Section 760.11, Fla. Stat. (2019) establishes the remedies afforded to a person for violations of the FCRA.  Section 760.11, Fla. Stat. (2019) provides, in pertinent part, as follows:

> (1) Any person aggrieved by a violation of ss. 760.01-760.10 may file a complaint with the commission within 365 days of the alleged violation, naming the employer, employment agency, labor organization, or joint labor-management committee, or, in the case of an alleged violation of s. 760.10(5), the person responsible for the violation and describing the violation.
> …
> (4) If the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:
>
> > (a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or
> > (b) Request an administrative hearing under ss. 120.569 and 120.57.
>
> The election by the aggrieved person of filing a civil action or requesting an administrative hearing under this subsection is the **exclusive procedure** available to the aggrieved person under this act.
> …

Section 760.11, Fla. Stat. (2019)(emphasis added).  The FCRA defines "Commission" as the "Florida Commission on Human Relations." Section 760.02(2), Fla. Stat. (2019).

18.     It follows, in order for the Plaintiff to file this civil action; the Plaintiff would have had to comply with the FCRA by filing a complaint with the commission prior to instituting this action. *Ross v. Jim Adams Ford, Inc.*, 871 So. 2d 312, 315 (Fla. 2d DCA 2004)("Although this statute states that a complaint 'may' be filed with the Commission, it is clear that such a complaint must be filed either with the Commission or its federal counterpart by anyone who wishes to pursue either a lawsuit or an administrative proceeding under this act.").

19.     The Plaintiff did not do so, nor does she even allege that she complied with this mandatory condition precedent to filing this suit.  Further, these claims should be dismissed with prejudice because the Plaintiff failed to file a complaint with the commission within 365 of the alleged violation as required by Section 760.11(1), Fla. Stat. (2019).  Thus, the case and

controversy are not ripe for determination, the claims are time-barred, and this Court lacks jurisdiction to hear this matter.

**B.   THIS COURT HAS THE AUTHORITY TO DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION ONCE THE FEDERAL CLAIMS ARE DISMISSED.**

20.   The Defendants request that the Plaintiff's state-law claims in Counts IV, V, and VI be dismissed and that this Court decline to exercise supplemental jurisdiction over the claims in the event that this Court dismisses all claims over which it has original jurisdiction (specifically, Counts I, II, and III).

21.   28 U.S.C. § 1367 provides, in pertinent part, as follows:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
**(3) the district court has dismissed all claims over which it has original jurisdiction, or**
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added). Thus, district courts have the authority and discretion to decline to exercise supplemental jurisdiction "for a number of valid reasons. Accordingly, ... 'district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity....'" *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1185 (11th Cir. 2003), citing *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 172–73 (1997).

22.   While this Court has discretion in its determination, it is encouraged that state claims be dismissed when federal claims have been dismissed prior to trial. *Wilk v. St. Lucie County Fla. Sheriff Office*, 740 Fed. Appx. 658, 665 (11th Cir. 2018)("We 'encourage[ ] district

courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.'")(citing *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *E.g., Holt v. Crist*, 233 Fed.Appx. 900, 904, 2007 WL 1156938 (11th Cir. 2007); and *Heald v. Ocwen Loan Servicing, LLC*, 3:13-CV-993-J-34JRK, 2014 WL 4639410, at *7 (M.D. Fla. Sept. 16, 2014).

23. Accordingly, the Defendants request that, upon dismissal of the pending federal claims (Counts I, II, and III), that this Court decline to exercise supplemental jurisdiction and dismiss Counts IV, V, and VI.

### IV. COUNTS VII, VIII, AND IX SEEKING DAMAGES FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED.

24. In Counts VII, VIII, and IX, the Plaintiff seeks relief against the Defendants in the form of damages for intentional infliction of emotional distress (hereinafter "IIED"). The Plaintiff alleges that the Defendants engaged in extreme and outrageous conduct in denying her entry into Bodega.

#### A. THIS COURT HAS THE AUTHORITY TO DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION ONCE THE FEDERAL CLAIMS ARE DISMISSED.

25. For the reasons set forth in Section III.B. herein, the Defendants respectfully request that this Court decline to exercise supplemental jurisdiction of Counts VII, VIII, and IX and that these claims be dismissed.

#### B. THE PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE EXTREME AND OUTRAGEOUS CONDUCT AND SEVERE EMOTIONAL DISTRESS.

26. The Plaintiff's claims should also be dismissed for failure to sufficiently plead a claim for IIED.

27. "To state a claim of intentional infliction of emotional distress, the plaintiff must allege that 1) the defendant acted recklessly or intentionally; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe." *Hoffman v. Office of State Attorney, Fourth Judicial Circuit*, 793 Fed. Appx. 945, 955 (11th Cir. 2019)(citations omitted). Additionally, "[l]iability will be found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*, at 955-56 (citation omitted). "Whether conduct is sufficiently outrageous to rise to the level of intentional infliction of emotional distress is a question of law." *Haberski v. Bufano*, 728 Fed. Appx. 903, 909 (11th Cir. 2018). The question is an objective one – the subjective response of the victim does not control. *Frias v. Demings*, 823 F. Supp. 2d 1279, 1288 (M.D. Fla. 2011). "Although there is no exhaustive or concrete list of what constitutes 'outrageous conduct,' Florida common law has 'evolved an extremely high standard.'" *Yule v. Ocean Reef Cmty. Ass'n*, 19-10138-CIV, 2020 WL 3051505, at *6 (S.D. Fla. June 8, 2020)(citation omitted). In fact, "conduct which is independently tortuous, or even criminal has been found not to cross this high threshold for outrageousness." *Baker v. Lightsey*, 2:11-CV-14290-KMM, 2012 WL 1574649, at *5 (S.D. Fla. May 3, 2012)(citation omitted). Additionally, in order to be considered "outrageous" conduct, the conduct "typically requires offensive physical contact." *McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1341 (M.D. Fla. 2014).

28. While the Defendants dispute the accuracy of the acts that the Plaintiff claims caused emotional distress, even assuming *arguendo* that these acts did occur, they do not rise to the level of extreme and outrageous conduct necessary to state a claim for IIED.[1]

29. Additionally, the Plaintiff has not sufficiently pled the requisite "severity" of the emotional distress to entitle her to relief. *Casado v. Miami-Dade County*, 340 F. Supp. 3d 1320, 1332 (S.D. Fla. 2018)("In regards to the severity of the emotional distress, the law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.")(citation omitted). The Plaintiff has included conclusory allegations of severe mental anguish, frustration, increased anxiety, stress and night terrors, none of which is severe emotional distress. *Baker v. Lightsey*, 2:11-CV-14290-KMM, 2012 WL 1574649, at *5 (S.D.

---

[1] For example, in *Casado v. Miami-Dade County*, 340 F. Supp. 3d 1320, 1332 (S.D. Fla. 2018), the plaintiff's claim for intentional infliction of emotional distress was dismissed because the allegations failed to qualify as extreme and outrageous conduct, despite the plaintiff alleging excessive force during a traffic stop including being slammed into the hold of the officer's car, being punched in the face by officers, profane language being used, and being arrested.

Similarly, in *Baker v. Lightsey*, 2:11-CV-14290-KMM, 2012 WL 1574649, at *5 (S.D. Fla. May 3, 2012), this Court found that, notwithstanding the eighty-two (82) year old plaintiff's allegations of wrongful arrest, excessive force, and using profanity by the defendant, the defendant's actions did not meet the threshold for outrageous conduct necessary to sustain a claim of intentional infliction of emotional distress.

In *Foreman v. City of Port St. Lucie*, 294 Fed. Appx. 554, 558 (11th Cir. 2008), the plaintiff's IIED claim was based on a police officer's actions in pointing a BB gun at her husband's chest and pulling the trigger. The plaintiff did not know that the gun was unloaded. This conduct was not sufficiently outrageous to support a claim for IIED.

In *Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1152 (M.D. Fla. 2016), the plaintiff "alleged that he was subjected to a discriminatorily applied pay policy, issued unfounded discriminatory actions, his job duties were limited, and he was accused of watching pornography on his work computer and ordered to seek treatment for same…While such conduct, if true, is clearly offensive, it does not rise to the level of extreme and outrageous required to support a claim for IIED." (internal citation omitted).

Fla. May 3, 2012)(finding that bad dreams do not constitute sufficient emotional distress); *Frias v. Demings*, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011)("While being subject to false arrest is embarrassing, it is not sufficiently extreme and outrageous absent some other grievous conduct.").

30. Given that "courts uphold these [IIED] claims only in extremely rare circumstances," and the Plaintiff's allegations do not rise to requisite level of conduct necessary to state a valid cause of action for IIED, the Plaintiff's Counts VII, VIII, and IX should be dismissed. *Noah v. Assor*, 379 F. Supp. 3d 1284, 1300 (S.D. Fla. 2019).

WHEREFORE, the Defendants, MENIN HOTELS, LLC, d/b/a MENIN HOSPITALITY, LLC; 1220 MANAGEMENT GROUP, LLC, d/b/a BODEGA TAQUERIA Y TEQUILA; and AIRSTREAM FOOD SERVICES, LLC, d/b/a BODEGA TAQUERIA Y TEQUILA, respectfully pray that this Honorable Court grant this Motion to Dismiss Plaintiff's Complaint, strike the Plaintiff's demand for jury trial, and grant any other relief the Court deems just and proper.

Respectfully submitted on this 14th day of September, 2020.

By:  */s/ Jonathan Smulevich, Esq.*
JONATHAN SMULEVICH, ESQ.
Florida Bar No. 108260
LEAH R. ROSE, ESQ.
Florida Bar No. 84682

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of September, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF, or as otherwise indicated on the service list, on all counsel or parties of record on the attached service list.

                            By:    */s/ Jonathan Smulevich, Esq.*
                                  JONATHAN SMULEVICH, ESQ.
                                  Florida Bar No. 108260
                                  LEAH R. ROSE, ESQ.
                                  Florida Bar No. 84682
                                  LOWY AND COOK, P.A.
                                  169 E. Flagler Street, Suite 700
                                  Miami, Florida 33131
                                  Telephone: (305) 371-5585
                                  Facsimile: (305) 371-5563
                                  E-mail: jonathan@lowypa.com
                                  E-mail: leah@lowypa.com
                                  E-mail: assistant@lowypa.com
                                  *Attorneys for Defendants*

## SERVICE LIST

**Michael D. Redondo, Esq.**
REDONDO LAW P.A.
2828 Coral Way, Suite 201
Miami, Florida 33145
Telephone: (305) 908-6778
E-mail: mike@redondolawfirm.com
E-mail: service@redondolawfirm.com
*Counsel for the Plaintiff*

**Hartley T. Bernstein, Esq.**
BERNSTEIN CHERNEY LLP
767 Third Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 381-9684
E-mail: hbernstein@bernsteincherney.com
*Counsel for the Plaintiff*